UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:24-MC-60622-LEIBOWITZ/AUGUSTIN-BIRCH

IN RE:

APPLICATION OF LM PROPERTY
DEVELOPMENT LIMITED AND MARKO
KOVATS PURSUANT TO 28 U.S.C. § 1782
TO CONDUCT DISCOVERY FOR USE IN
FOREIGN PROCEEDINGS,

_____/

ORDER DENYING LISA BARNES' MOTION TO
VACATE *EX PARTE* ORDER GRANTING APPLICATION FOR
DISCOVERY UNDER 28 U.S.C. § 1782 AND TO QUASH SUBPOENA

This cause comes before the Court upon Respondent Lisa Barnes' Motion to Vacate *Ex Parte* Order Granting Application for Discovery Under 28 U.S.C. § 1782 and to Quash Subpoena. DE 9. Petitioners LM Property Development Limited and Marko Kovats filed a Response to the Motion to Vacate, and Respondent filed a Reply. DE 15; DE 22. The Honorable David S. Leibowitz, United States District Judge, referred the Motion to Vacate to the undersigned United States Magistrate Judge for appropriate disposition. DE 10. The Court has carefully considered the parties' briefing and exhibits and the record and is otherwise fully advised in the premises. For the following reasons, the Motion to Vacate is **DENIED**.

As brief background, Petitioners filed an *Ex Parte* Application for Judicial Assistance to Obtain Evidence for Use in a Foreign Proceeding Pursuant to 28 U.S.C. § 1782. DE 1. Petitioners sought leave to subpoena Respondent to produce documents that Petitioners would use as part of various property disputes in the Bahamas. DE 1-1 at 3–6; DE 1-2 at 5–12. Judge Leibowitz

granted Petitioners' § 1782 application. DE 6. Respondent now moves to vacate Judge Leibowitz's Order and to quash the subpoena. DE 9.

## I. Legal Standard

"The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal." 28 U.S.C. § 1782(a). "The order may be made pursuant to a . . . request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court." *Id.* Thus, the statutory requirements for granting an application under § 1782 are that (1) a foreign or international tribunal or any interested person made the request; (2) the request seeks testimonial or documentary evidence; (3) the requested evidence is for use in a proceeding in a foreign or international tribunal; and (4) the person from whom discovery is sought resides or is found in the district of the court ruling on the application. *Dep't of Caldas v. Diageo PLC*, 925 F.3d 1218, 1221 (11th Cir. 2019).

If these statutory requirements are met, a court is authorized, but not required, to grant the § 1782 application. *Id.* To decide whether to exercise its discretion to grant the application, the court should consider (1) whether the person from whom discovery is sought is a participant in the foreign proceeding; (2) the nature of the foreign tribunal, the character of the foreign proceedings, and the receptivity of the foreign court to the judicial assistance of a United States federal court; (3) whether the application conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or of the United States; and (4) whether the request is unduly intrusive or burdensome. *Id.*

## II.     Analysis

The Court considers the four statutory requirements and the four discretionary factors in turn.

### A. The Four Statutory Requirements

Of the four statutory requirements, Respondent argues that only the third requirement—that the requested evidence is for use in a proceeding in a foreign or international tribunal—is not met.  As Judge Leibowitz concluded, the other three statutory requirements are met because Petitioners are litigants in lawsuits in the Bahamas and therefore are interested, the proposed subpoena seeks documentary evidence, and Respondent resides within the Southern District of Florida in Vero Beach.  *See* DE 1-2 at 11–12, 16; DE 9-2 at 1 ¶ 2; *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 256 (2004) (stating that "[n]o doubt litigants are included among, and may be the most common example of, the interested persons who may invoke § 1782" (alteration and quotation marks omitted)).

The third statutory requirement is also met.  The "for use" language in § 1782 "has only its ordinary meaning—that the requested discovery is something that will be employed with some advantage or serve some use in the proceeding." *In re Petrus Advisers Invs. Fund, L.P.*, No. 22-cv-22437, 2023 WL 3871614, at *4 (S.D. Fla. Mar. 9, 2023) (quotation marks omitted), *report & recommendation adopted*, 2023 WL 3673372 (S.D. Fla. May 26, 2023).

The main property dispute that is at issue involves approximately 3,200 acres of land on the southern end of Long Island, Bahamas, which the parties refer to as the Horizon Property.  In 2019, Petitioners contracted with the Horizon Property's owner, Horizon Investments Limited, to purchase the Horizon Property and paid a deposit of $975,000, representing 10% of the purchase price.  Petitioners assert that Respondent is a part owner of Horizon Investments Limited.  She is

also an attorney. Petitioners planned to develop the Horizon Property with, among other things, offices, resorts, a casino, a conference facility, golf courses, a marina, and a cruise port. The sale of the Horizon Property was not completed, leading Petitioners to file a breach-of-contract lawsuit against Horizon Investments Limited in the Bahamas. According to Petitioners, the sale was not completed because Horizon Investments Limited was unable to deliver clean title, and they maintain that Horizon Investments Limited has not returned their 10% deposit. Also according to Petitioners, a sale of land near the Horizon Property, which the parties refer to as the Azul Destinations Property, was completed around the same time that the Horizon Property should have been sold. The Azul Destinations Property is intended to be developed to include a resort and a cruise port. *See* DE 1-1 at 3–4; DE 3-1 ¶¶ 47–50, 53.

The subpoena that Petitioners seek to serve on Respondent requests (1) communications regarding Petitioner Kovats, his properties and attempts to develop property, and the Horizon Property or Azul Destinations Property; (2) documents relating to the sale of the Horizon Property; and (3) documents evidencing business plans, feasibility studies, financial analysis, or the value of the Horizon Property or the Azul Destinations Property. DE 1-2 at 11–12. These communications and documents "will be employed with some advantage or serve some use in" the Horizon Property litigation. *See In re Petrus Advisers Invs. Fund, L.P.*, 2023 WL 3871614, at *4. Communications and documents concerning Petitioner Kovats, his properties and attempts to develop property, and the Horizon Property are useful to show why the sale was not completed and to show Petitioners' damages.[1] Communications and documents concerning the Azul Destinations Property are also

---

[1] Respondent makes an illogical argument that the reason the sale was not completed is not at issue. Respondent argues that the reason is not at issue because Petitioners take the position that the reason was Horizon Investments Limited's inability to deliver clean title. But at the same time, Respondent contends that Horizon Investments Limited's ability to deliver clean title (a purported reason the sale was not completed) remains a disputed issue. DE 22 at 3.

4

useful to show Petitioners' damages, as the Azul Destinations Property could be used as a comparator for the purpose of valuation given its proximity to the Horizon Property and similar plans for development. Under the broad definition of the "for use" language in § 1782, the third statutory requirement is met.[2] All of the statutory requirements to grant a § 1782 application are satisfied.

### B. The Four Discretionary Factors

Turning to the discretionary factors to consider when deciding whether to grant a § 1782 application, Respondent maintains that all four factors weigh against granting Petitioners' application. As for the first factor—whether the person from whom discovery is sought is a participant in the foreign proceeding—the need for leave to conduct discovery generally is more apparent when evidence is sought from a non-participant than it is when evidence is sought from a participant. *Dep't of Caldas*, 925 F.3d at 1221; *see also Intel Corp.*, 542 U.S. at 264 ("A foreign tribunal has jurisdiction over those appearing before it, and can itself order them to produce evidence. In contrast, nonparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid." (citation omitted)).

Here, Respondent is not a participant in the Horizon Property litigation or in Petitioners' other property disputes. She previously was a named defendant in the Horizon Property litigation, and she maintains that Petitioners should have sought discovery from her then. However, based on the information before the Court, it appears that Respondent was eliminated as a defendant in March 2023 and that the discovery process in the Horizon Property litigation only began in early

---

[2] Petitioners are also involved in other property disputes in the Bahamas for which the requested communications and documents might be useful. *See* DE 1-1 at 4–6. Because the requested communications and documents are at minimum for use in the Horizon Property litigation, it is unnecessary for the Court to examine these other property disputes.

2024.  *See* DE 1-2 at 16 (amended complaint date stamped March 21, 2023, eliminating Respondent as a defendant); DE 9-3 ¶ 7 ("In the Horizons Lawsuit, the parties were Ordered by the Court on March 18, 2024, to provide discovery by way of a list of documents on or before May 24, 2024, followed by subsequent inspection.").  It is not apparent that Petitioners could have sought discovery from Respondent before she was eliminated as a defendant.

Respondent also argues that Petitioners can obtain the subpoenaed documents from existing defendants in the Horizon Property litigation, such as from Horizon Investments Limited itself.  But Petitioners need not first seek the documents from parties or through a court in the Bahamas before applying under § 1782 to serve the subpoena on Respondent.  *See In re Application of Bracha Found.*, 663 F. App'x 755, 765 (11th Cir. 2016) ("Other courts have held that even when the requested documents may be available in the foreign jurisdiction, there is no requirement to first seek discovery from the non-US tribunal or exhaust other options before applying to a district court for § 1782 discovery.  We too decline to adopt such a requirement." (citations omitted)); *In re Application of Banco Sistema S.A.*, No. 23-21868-MC, 2024 WL 1826609, at *7 (S.D. Fla. Apr. 24, 2024) ("The Third-Party Witnesses also argue that the information could be obtained from the public records or from the foreign defendants in Brazil, but the law is again clear that petitioners seeking Section 1782 discovery are not required to exhaust all other venues as we discussed above." (quotation marks omitted)).  The first discretionary factor weighs in favor of granting Petitioners' § 1782 application.

The second discretionary factor is the nature of the foreign tribunal, the character of the foreign proceedings, and the receptivity of the foreign court to the judicial assistance of a United States federal court.  *Dep't of Caldas*, 925 F.3d at 1221.  In examining this factor, "the court looks at whether authoritative proof exists that a foreign court would reject evidence obtained with the

aid of § 1782." *In re Application of Orthogen Int'l GMBH*, No. 23-mc-80743, 2023 WL 6813223, at *10 (S.D. Fla. Oct. 16, 2023); *see In re Application of Bernal*, No. 18-21951-MC, 2018 WL 6620085, at *6 (S.D. Fla. Dec. 18, 2018) (stating that the proof may be "embodied in a forum country's judicial, executive, or legislative declarations that specifically address the use of evidence gathered under foreign procedures" (quotation marks omitted)). There is no evidence that courts in the Bahamas are unreceptive to discovery obtained through § 1782. *See In re Eng./Bah.*, No. 20-MC-61696, 2021 WL 3270074, at *6 n.13 (S.D. Fla. July 30, 2021) (citing caselaw suggesting that the Bahamas is "receptive to § 1782 discovery").

Respondent contends that a court in the Bahamas would not be receptive to the documents that Petitioners seek because the documents are irrelevant and implicate privilege and confidentiality concerns. As the Court concluded above in its analysis of the third statutory requirement, the requested documents are relevant to the Horizon Property litigation. The Court addresses Respondent's privilege and confidentiality concerns below in its analysis of the fourth discretionary factor. Furthermore, resolution of a § 1782 application does not depend on whether the requested documents would be discoverable or admissible in the foreign jurisdiction. *Intel Corp.*, 542 U.S. at 260 (stating that "nothing in the text of § 1782 limits a district court's production-order authority to materials that could be discovered in the foreign jurisdiction if the materials were located there"); *In re Bio Energias Comercializadora de Energia LTDA*, No. 19-cv-24497, 2020 WL 509987, at *3 (S.D. Fla. Jan. 31, 2020) ("While Respondents provide evidence that Brazilian courts may not be inclined to accept such evidence, the proceeding in this case is not before a Brazilian court. Moreover, the Supreme Court in *Intel* expressly disavowed the idea that § 1782 contains a foreign discoverability requirement. Thus, Bio Energias is correct that the Court does not concern itself upon a § 1782 application with whether the requested discovery

would be discoverable, or even admissible, in Brazil." (citation omitted)). The second discretionary factor weighs in favor of granting Petitioners' § 1782 application.

The third discretionary factor is whether the application conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of the foreign country or of the United States. *Dep't of Caldas*, 925 F.3d at 1221. "[A] perception that an applicant has side-stepped less-than-favorable discovery rules by resorting immediately to § 1782 can be a factor in a court's analysis." *In re Application of Bernal*, 2018 WL 6620085, at *7 (quotation marks omitted). Respondent argues that Petitioners should request the documents they are seeking through the Horizon Property litigation, but again, a § 1782 applicant need not have first sought documents through the foreign proceeding. *See In re Application of Bracha Found.*, 663 F. App'x at 765; *In re Application of Banco Sistema S.A.*, 2024 WL 1826609, at *7. Respondent has pointed to no ruling from a court in the Bahamas that is adverse to Petitioners and that they may be attempting to side-step. The third discretionary factor weighs in favor of granting Petitioners' § 1782 application.

The fourth discretionary factor is whether the request is unduly intrusive or burdensome. *Dep't of Caldas*, 925 F.3d at 1221. Petitioners' proposed subpoena includes the following six requests, with a responsive date range of January 1, 2019, to the present:

**DOCUMENT REQUESTS**

You are hereby requested to produce the following:

1. Communications between You and Azul Destinations regarding Mirko Kovats, any of his properties or attempts to develop property, the Azul Destinations Property, and/or the Horizon Property.

2. Communications between You and the Government regarding Mirko Kovats, any of his properties or attempts to develop property, the Azul Destinations Property, and/or the Horizon Property.

3. Non-privileged communications between You and any person regarding Mirko Kovats, any of his properties or attempts to develop property, the Azul Destinations Property, and/or the Horizon Property.

4. Non-privileged documents regarding Azul Destinations, including any documents relating to the sale of the Horizon Property to Azul Destinations.

5. Documents evidencing any business plans, feasibility studies, or other financial analysis regarding the Azul Destinations Property or the Horizon Property.

6. Non-privileged documents evidencing the value of the Horizon Property or Azul Destinations Property, whether either property is undeveloped or developed.

DE 1-2 at 11–12. For the reasons discussed above in its analysis of the third statutory requirement, the Court concludes that the six requests are tailored to the needs of the Horizon Property litigation. The responsive date range of January 1, 2019, to the present is appropriate given that Petitioners contracted to purchase the Horizon Property in 2019.

Respondent maintains that the requests are intrusive and burdensome because they "trigger[] confidentiality and privilege concerns." DE 9 at 18. "A person may not be compelled to give his testimony or statement or to produce a document or other thing in violation of any legally applicable privilege." 28 U.S.C. § 1782(a); *see Intel Corp.*, 542 U.S. at 260 ("We note at the outset, and count it significant, that § 1782(a) expressly shields privileged material[.]"). But privilege and confidentiality concerns can be handled through typical discovery procedures and are not a basis to deny Petitioners leave to serve the subpoena entirely. *See In re Application of Banco Sistema S.A.*, 2024 WL 1826609, at *7 ("The Third-Party Witnesses also refer to their subpoenaed documents and information as being potentially privileged or confidential. Yet, those objections should not prevent Banco Sistema's discovery efforts. The Third-Party Witnesses are free to comply with the Court's Local Rule and prepare a compliant privilege log, to the extent

9

that the privilege objections already have not been waived. And, to the extent the Third-Party Witnesses have any genuine confidentiality-related objections, the Court will entertain and fashion a specific protective order to quell any concerns."); *In re Application of Pons*, No. 19-23236-MC, 2020 WL 364125, at *7 (S.D. Fla. Jan. 22, 2020) ("To the extent the Subpoena seeks evidence from AMKE that is confidential or protected by a privilege, AMKE should prepare a privilege log.").

Further, Request #'s 3, 4, and 6 explicitly seek non-privileged material. Request #'s 1 and 2 seek communications with non-clients, and Request # 5 seeks certain financial documents. Respondent has not explained how any particular responsive material might be privileged. The fourth discretionary factor weighs in favor of granting Petitioners' § 1782 application.

### III.   Conclusion

The Court agrees with Judge Leibowitz's Order Granting Ex Parte Application for Judicial Assistance to Obtain Evidence for Use in a Foreign Proceeding Pursuant to 28 U.S.C. § 1782, wherein Judge Leibowitz concluded that the four statutory requirements and the four discretionary factors support granting Petitioners' *Ex Parte* Application for Judicial Assistance to Obtain Evidence for Use in a Foreign Proceeding Pursuant to 28 U.S.C. § 1782. DE 6. Accordingly, Respondent's Motion to Vacate *Ex Parte* Order Granting Application for Discovery Under 28 U.S.C. § 1782 and to Quash Subpoena [DE 9] is **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, this 20th day of November, 2024.

---
PANAYOTTA AUGUSTIN-BIRCH
UNITED STATES MAGISTRATE JUDGE